UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALICIA NAILIA ROYAL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:18-cv-00122-HAB-SLC |
| | ) |
| PAIGE WALKER, *SCAN*, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court is a letter filed by *pro se* Plaintiff Alicia Nailia Royal on November 25, 2019, which the Court deems to be a second motion requesting that this Court recruit an attorney to represent her. (ECF 41). Plaintiff's first request for counsel was denied because she had not indicated whether she had contacted at least three attorneys concerning her case. (ECF 37, 39). While Plaintiff has now satisfied that threshold requirement, her motion for the appointment of counsel is unsuccessful on the merits for the following reasons.

### A. *Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995); *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears

competent to litigate it herself. *Pruitt*, 503 F.3d at 654.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. Finally, in conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

*B. Analysis*

As stated above, Plaintiff indicates that she has contacted five attorneys or legal associations about this matter, but none have taken her case. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Therefore, she has satisfied the threshold element of a request for counsel. Having said that, several attorneys have chosen to pass up the opportunity to represent Plaintiff, which speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious. *See id.* (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

As to the second portion of the inquiry, it is relevant that Plaintiff has not, to date, consistently complied with the Federal Rules of Civil Procedure requiring her to confer in good faith with Defendants' counsel about scheduling and other matters in this case, and that she has

2

failed to timely respond to Defendants' discovery requests. (*See* ECF 28, 40, 43). Plaintiff's noncompliance, however, appears to stem more from her distrust of Defendants' counsel and perceived mistreatment by such counsel, rather than any incompetence on Plaintiff's part.

Plaintiff alleges in this matter that Defendants committed due process violations of her parenting rights. (ECF 1). While Plaintiff's claims may involve some legal complexity, many of the facts of this case are within her particular knowledge, and thus, the task of factual discovery is apt to be quite limited. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case). Plaintiff has already articulated her claims (ECF 1) and survived a motion to dismiss (ECF 13, 19, 20, 22); sought various forms of relief through filing motions (ECF 2, 4, 37, 38, 41); and participated in a Rule 16 preliminary pretrial conference (ECF 32) and a hearing on Defendants' motion to compel (ECF 43).

It is evident from Plaintiff's participation in the preliminary pretrial conference and hearing on Defendants' motion to compel that Plaintiff has adequate communication skills to proceed *pro se.* (ECF 32, 43). Specifically, Plaintiff is not illiterate, as she expressly stated at the hearing on Defendants' motion to compel that she prefers to communicate with counsel in writing. *Cf. Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Plaintiff is not presently incarcerated and thus has the freedom to perform her own research. And while Plaintiff did mention at one point that she has been dealing with some "health issues," she does not suggest, much less explain how, such issues may impede her ability to represent herself in this action. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and

3

indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters).

To date, Plaintiff's primary obstacle appears to be her resistance to conferring in good faith with Defendants' counsel as required by the Federal Rules of Civil Procedure, and her failure to respond to Defendants' discovery requests. However, *all* parties in a federal lawsuit have a duty to "act in good faith in complying with their discovery obligations and to cooperate with and facilitate forthright discovery." *Retail Experts Consulting & Mgmt., Inc. v. Premium Retail Servs., Inc.*, No. 05 C 6337, 2006 WL 1719564, at *4 (N.D. Ill. June 15, 2006) (citations omitted). The Court REMINDS Plaintiff that it is she who filed this case, and "although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy unbridled license to disregard clearly communicated court orders, nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines." *Balensiefen v. Princeton Nat'l Bancorp, Inc.*, No. 10-CV-1263, 2012 WL 3113290, at *3 (C.D. Ill. July 10, 2012) (citation and internal quotation marks omitted), *R. & R. adopted by* 2012 WL 3114593 (July 31, 2012).

For these reasons, Plaintiff's request that the Court recruit counsel for her (ECF 41) is DENIED. The Court will reconsider recruiting counsel for Plaintiff in the future if it becomes evident that the case has sufficient merit to require more complex proceedings. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED. Entered this 14th day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge