**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ALICIA NAILIA ROYAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-122-HAB |
| | ) | |
| PAIGE WALKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Alicia Nailia Royal believes that Defendants violated her due process rights by conspiring to remove her children from her home. For the past four months, Royal has repeatedly petitioned the magistrate to recruit pro bono counsel, but all her requests have been denied. Royal now asks this Court to review the magistrate's decisions. The Court concludes that the magistrate used the correct legal standard in evaluating Royal's request. However, the Court cannot conclude that the magistrate appropriately applied that standard and is instead left with the definite and firm conviction that a mistake has been made. Accordingly, pro bono counsel will be recruited to represent Royal.[1]

**A.      Standard of Review**

Rule 72(a) provides:

[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[1] Royal also asks this Court to remove Magistrate Collins from this case. The Court agrees entirely with the magistrate's ruling on this issue and will deny Royal's request to review that portion of the magistrate's orders.

Fed. R. Civ. P. 72(a). Similarly, 28 U.S.C. § 636(b)(1)(A) provides:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Since this matter is not one of the eight exceptions listed in § 636(b)(1)(A), this Court's review is properly under the clearly erroneous or contrary to law standard. *See*, *e.g.*, *Wojtalewicz v. Pioneer Hi-Bred Intern., Inc.*, 944 F. Supp. 2d 715, 721 (D. Neb. 2013); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1141 (D. Colo. 2012). A finding is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Ill. Liberty PAC v. Madigan*, 904 F.3d 463, 469 (7th Cir. 2018).

## B. Pro Bono Counsel

A plaintiff does not have a right to court-appointed counsel in civil litigation, but an indigent party can ask the court to recruit an attorney to represent them. *See* 28 U.S.C. § 1915(e)(1). The district court has discretion to grant such a request. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In exercising its discretion, the district court must answer two questions: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate on their own. *Id*. at 654–55.

The Court agrees with the magistrate's evaluation of the first question. From July to November 2019, Royal contacted five different legal organizations seeking representation. (*See* ECF No. 41). The magistrate concluded, and the Court agrees, that Royal has made a reasonable attempt to obtain counsel. *See*, *e.g.*, *Pollard v. Meadows*, 2016 WL 128531, at \*1 (N.D. Ind. Jan. 11, 2016).

The Court cannot agree with the magistrate on the second question. In determining whether a plaintiff is competent to litigate their claim on their own, the Seventh Circuit has advised that:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (ellipsis omitted). Unfortunately, the Seventh Circuit has not provided guidance on how to evaluate the difficulty of the case or the capabilities of the plaintiff. *Id*. Instead, the task is left to the district court to evaluate each case based upon its facts.

The Court is willing to accept the magistrate's conclusion that Royal's claims involve "some legal complexity" (ECF No. 44 at 3), although from a layperson's perspective almost any proceeding alleging a violation of constitutional rights must seem impossibly complex. From there, the Court must depart from the magistrate's findings.

The magistrate found that, because "many of the facts are within" Royal's knowledge, "the task of factual discovery is apt to be quite limited." (*Id*.). While the first part of this statement may be true, the Court cannot conclude that factual discovery in this case will be "quite limited." Royal has alleged a complex conspiracy involving three defendants. Royal's discovery, then, would reasonably consist of at least written discovery to three different parties as well as depositions of each. The scope of the claim alleged in this case easily distinguishes this case from the authority

relied upon by the magistrate, *Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987), which involved a discrete claim (interference with jail correspondence) against a single defendant (*Id.* at 225). Even if the parties did the minimum discovery expected in a claim of this type, the Court has little trouble concluding that the scope of discovery would overwhelm Royal's legal capacity. Indeed, based on the multiple discovery motions filed by Defendants, it would appear that it already has.

The magistrate next focused on Royal's legal acumen, noting that she "survived a motion to dismiss" and "sought various forms of relief through filing motions" (ECF No. 44 at 3). Taking the motion to dismiss first, Royal's claim did survive a motion to dismiss, but this legal victory had nothing to do with Royal's legal abilities.[2] This Court denied the motion to dismiss despite noting that Royal made "no substantive legal response to Defendants' arguments." (ECF No. 22 at 2). It would be far more accurate to say that Defendants failed in their motion to dismiss than it is to say that Royal prevailed.

The Court finds it curious that the magistrate would cite to Royal's motion practice as evidence of her competency. All but one of the motions was denied. Royal's first motion for leave to proceed *in forma pauperis* was denied because she failed to properly complete a form. (*See* ECF No. 3). Her remaining "motions" have taken the form of perfunctory letters to the Court; at no point in time has Royal made anything resembling a legal argument. If anything, the Court finds Royal's motions to be indicative of her need for counsel, not the other way around.

The magistrate next noted that Royal has "adequate communication skills" as evidenced by her participation in the preliminary pretrial conference, and that Royal is "not illiterate." Royal may not be illiterate, but she is also not a master wordsmith. Take, for example, Royal's latest

---

[2] The Court would also note that Royal did not comply with the motion practice deadlines imposed by the Northern District of Indiana's Local Rules. Royal's responses to the motions to dismiss were filed some six weeks after the motions were served, and only after this Court expressly ordered her to respond. (ECF No. 18).

filing, which the Clerk graciously docketed as a motion for review of the magistrate's decision to deny representation. That filing reads, in its entirety:

> I Alicia appealing the decisions of deny me representation and having Judge Sue Collins.

(ECF No. 56) (all sic). John Steinbeck she is not. While Royal's prose is often enough for the Court to glean her general intent, it does nothing more. Royal's writing is certainly no match for any competent attorney.

If this were a small claims case, reasonable minds could differ as to Royal's ability to prosecute her claims. But this is a multi-party conspiracy action in federal court, dealing with legal concepts that befuddle even seasoned attorneys. Nothing in this case to date demonstrates Royal's ability to coherently present such a claim. To the contrary, every time Royal has been faced with even the most rudimentary legal hurdle she has demonstrated an inability to clear it. This Court is forced to conclude that the magistrate made a mistake when she denied Royal's repeated requests for counsel, and it will therefore grant Royal the relief she requests.

## C.     Defendant's Motion for Sanctions

As noted above, Defendants have filed multiple discovery motions asking the Court to address Royal's failure to adequately respond to discovery. Their most recent motion requests that this case be dismissed, and that Royal pay monetary sanctions, as a result of Royal's failure to comply with an order compelling discovery. The Court finds that Royal has attempted to respond to Defendants' discovery requests. (*See* ECF Nos. 47, 58). Any ongoing deficiencies can be corrected in the event that counsel for Royal can be recruited. Therefore, Defendants' request for sanctions will be denied.

5

**D.      Conclusion**

For the foregoing reasons, Royal's Motion for Review of Magistrate's Decision (ECF No. 56) is GRANTED in part and DENIED in part. This matter is re-referred to the magistrate with directions to recruit counsel to represent Royal. Defendants' Motion for Sanctions (ECF No. 54) is DENIED.

SO ORDERED on March 16, 2020.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
